IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROAF SYED, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-04448 |
| | § | |
| DELL TECHNOLOGIES INC. and DELL INC., | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Roaf Syed ("Plaintiff") files his Original Complaint against Defendants Dell Technologies Inc. and Dell Inc. (collectively "Defendants").

### I.
### PARTIES

1. Plaintiff Roaf Syed is an individual and former employee of Defendants Dell Technologies Inc. and Dell Inc.

2. Defendant Dell Technologies Inc. is a foreign, for-profit corporation with its principal place of business at 1 Dell Way, Round Rock, Texas 78682. Defendant Dell Technologies Inc. may be served with process through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

3. Defendant Dell Inc. is a foreign, for-profit corporation with its principal place of business at 1 Dell Way, Round Rock, Texas 78682. Defendant Dell Inc. may be served with process through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

## II.
## VENUE AND JURISDICTION

4. This Court has subject matter jurisdiction over this action based on federal question jurisdiction under the Family Medical and Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*

5. Venue is proper in this Court because a substantial part or all of the events or omissions giving rise to Plaintiff's claims occurred within the geographic boundaries of the Southern District of Texas where Plaintiff worked remotely from.

## III.
## FACTUAL BACKGROUND

**A.   Plaintiff was an exemplary employee and eligible for FMLA leave.**

6. Plaintiff was employed by Defendants on or about April 5, 2021 as an Application Support Specialist.

7. Plaintiff worked over 1250 hours for Defendants within the twelve (12) months preceding his request for FMLA leave.

8. Plaintiff was employed by Defendants for more than twelve (12) consecutive months prior to his request for FMLA leave.

9. Plaintiff was eligible for FMLA leave at the time of his request for FMLA leave.

10. Defendants controlled all aspects of Plaintiff's work.

11. The decision to terminate Plaintiff from his assignment was made by Defendant.

12. Plaintiff was an excellent employee for Defendants with a strong record of performance.

### B. Plaintiff requests FMLA leave for open heart surgery.

13. Plaintiff suffers from a serious health condition which required him to undergo open heart surgery. In October 2023, in anticipation of the surgery, Plaintiff informed both Dell and Cocolevio of his employment.

14. Plaintiff's surgery was originally scheduled for October 25, 2023. Plaintiff planned to take FMLA leave from October 23, 2023 through December 21, 2023.

15. Defendants had actual knowledge of Plaintiff's request for FMLA leave.

16. In early November 2023, Plaintiff notified Defendants that his surgery had been rescheduled from October 25, 2023 to December 1, 2023 due to Plaintiff's doctors needing to reduce inflammation around his heart prior to surgery.

17. Plaintiff modified his FMLA leave request accordingly to reflect his new surgery date, with the same eight (8) weeks off to recover from surgery.

18. Plaintiff did not receive any indication of negative performance from Defendants prior to the termination of his employment.

19. Plaintiff's FMLA leave was a motivating factor in his termination by Defendants.

20. Another employee of Defendants learned Plaintiff's job in his absence; upon information and belief, Defendants replaced Plaintiff with whomever learned his job.

### C. Defendants terminate Plaintiff's employment shortly before his scheduled surgery.

21. On Monday, November 6, 2023, Defendants notified Plaintiff that they were eliminating his job position effective November 17, 2023, due to lack of work. Plaintiff's workload was consistent and not lacking and the stated reason for his termination is pretextual.

22. Plaintiff was an excellent performer and never had any disciplinary action while employed by Defendants. In fact, in an email to a staffing company, Ms. Heidi Lukowitsch

stated "There is nothing that was wrong with his performance or improvements." Prior to the layoff notification, Defendants had never indicated that Plaintiff's role lacked sufficient work.

23. Plaintiff qualified for FMLA leave due to his own serious health condition which had been disclosed to Defendants.

## IV.
## CAUSES OF ACTION:

### COUNT ONE
### FMLA Interference (29 U.S.C. § 2615(a)(1))

24. Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

25. At all relevant times, Plaintiff was an eligible employee under the Family and Medical Leave Act ("FMLA"), and Defendant was an employer subject to the FMLA's requirements.

26. Plaintiff was entitled to take FMLA leave due to a serious health condition requiring open-heart surgery.

27. Plaintiff made a timely request for FMLA leave, providing appropriate notice and a medical explanation of the need for leave. Defendant approved the leave request.

28. Despite approving Plaintiff's leave, Defendant terminated his assignment shortly before the scheduled surgery, thereby interfering with, restraining, and/or denying Plaintiff's exercise or attempted exercise of his rights under the FMLA.

29. As a direct and proximate result of Defendant's interference, Plaintiff suffered lost wages, lost benefits, and other monetary damages, and is entitled to recover under 29 U.S.C. § 2617.

## COUNT TWO
## FMLA Retaliation (29 U.S.C. § 2615(a)(2))

30. Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

31. Plaintiff engaged in protected activity under the FMLA when he requested and was approved for medical leave for open-heart surgery.

32. Defendant took adverse action against Plaintiff by terminating his employment before the start of his leave.

33. There is a causal connection between Plaintiff's protected activity and the adverse employment action, as evidenced by the close temporal proximity and the pretextual nature of Defendant's stated reason for termination ("lack of work").

34. Defendant's actions constitute unlawful retaliation in violation of 29 U.S.C. § 2615(a)(2), entitling Plaintiff to damages under 29 U.S.C. § 2617, including reinstatement, back pay, front pay, liquidated damages, and attorneys' fees.

## V.
## DAMAGES

35. As a direct and proximate result of Defendants' actions, Plaintiff has suffered lost wages under the FMLA.

36. Due to Defendants' wantonness and willfulness in terminating Plaintiff's employment shortly before open heart surgery, Plaintiff also seeks to recover liquidated damages under the FMLA.

37. Plaintiff also seeks equitable relief for lost benefits, including his insurance deductible resetting which caused him to incur additional losses.

5

38. Plaintiff additionally seeks front pay for his damages in the future resulting from his termination.

## VI.
## ATTORNEYS' FEES

39. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages including, but not limited to, lost wages, and lost earning capacity. Defendants' wrongful conduct has made it necessary for Plaintiff to retain the undersigned attorneys to represent him in bringing and prosecuting this action, and, if necessary, for legal representation on appeal. Plaintiff therefore seeks recovery of all reasonable and necessary attorneys' fees and costs.

## VII.
## JURY DEMAND

40. Plaintiff hereby demands a jury trial.

## VIII.
## PRAYER

41. Plaintiff asks that this Court issue citations for Defendants to appear and answer, and that he be awarded a judgment against Defendants for the following:

   a. Actual damages including but not limited to pecuniary losses, non-pecuniary losses, back pay, and front pay;

   b. Liquidated damages;

   c. Pre- and post-judgment interest at the maximum lawful rate;

   d. Attorneys' fees;

   e. Court costs; and

   f. All other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ *Hessam Parzivand*
Hessam Parzivand
Texas Bar No.: 24071157
Email: hp@parzfirm.com
T: (713) 533-8171

Travis Bryan
Texas Bar No.: 24102826
Email: travis@parzfirm.com
T: (832) 233-7527

**THE PARZIVAND LAW FIRM, PLLC**
10701 Corporate Dr., Suite 185
Sugar Land, Texas 77477
F: (713) 533-8193

**COUNSEL FOR PLAINTIFF
ROAF SYED**